## Barnet Standard v. Village of Industry.

1. CITIES AND VILLAGES—*Publication of Ordinance.*—The statute provides two modes of publishing the ordinances of a city or village: First, within one month after their passage, in a newspaper published in the city or village; and, second, by printing in book or pamphlet form. And the authorities of the city or village are at liberty to adopt either method.

2. SAME—*Time Within Which Ordinances are to be Published.*—When published in a newspaper, the ordinance must be published within one month from its passage, but when published in book or pamphlet form, such is not necessarily the case.

3. SAME—*Statutes Prescribing the Time in Which Ordinances Shall be Published, Directory.*—The object in publishing ordinances is to give notice of their passage to the public, and the requirement of the statute that they be published within a given time, is a mere direction given with a view to secure orderly and prompt conduct of the public business.

4. SAME—*Provisions Fixing the Time When the Ordinance Shall Take Effect.*—The statute providing that no ordinance shall take effect until ten days after it is published, is applicable to all ordinances, whether published by one method or the other.

5. CONSTRUCTIONS OF STATUTE—*Time for Performing Official Acts.*— The general rule is, that provisions of a statute specifying a time within which a public officer is to perform an official act, are to be regarded as

directory, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of time was intended as a limitation of the power of the officer.

**Memorandum.**—Action for breach of an ordinance. In the Circuit Court of McDonough County, on appeal from a police magistrate; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

BAILEY & HOLLY, attorneys for appellant.

APPELLEE'S BRIEF, SHERMAN & TUNNICLIFF, ATTORNEYS.

Appellee contended that the provision of the statute requiring that ordinances imposing a fine, penalty, etc., shall be published within one month after the passage thereof, is merely directory; there is no provision in the statute that such an ordinance will be void if not published within the time specified.

The provisions as to time and proof of publication are generally construed with liberality by the courts. 1 Beach on Pub. Corp., Sec. 502.

When ordinances are published in book or pamphlet form by authority of the board of trustees no other publication is necessary. Baker v. Village of Maquon, 9 Brad. 155; Village of Bethalto v. Conley, 9 Brad. 339; Byars v. Mt. Vernon, 77 Ill. 467.

When a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory, merely, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of the time was intended as a limitation of the power of the officer. Whalen v. City of Macomb, 76 Ill. 49.

A provision in a statute changing an incorporated town into a city—that the existing ordinances shall remain in force, provided they shall be recorded within four months thereafter, is merely directory, and such ordinances are valid though not recorded within the designated period. 1 Dillon, Mun. Corp., Sec. 269.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant by this appeal questions the validity of an ordinance under which he was prosecuted, convicted and fined.

The statute (paragraph 65, Chap. 24, R. S.,) provides that " all ordinances of cities or villages imposing any fine   *   * *   shall, within one month after they are passed, be published at least once in a newspaper  published in the village *   *   *   and no such ordinance shall take effect until ten days after it is published."

Another mode of publication is, however, provided by paragraph 66 of the same chapter of the statutes.   It is as follows :   " *   *   *   all ordinances and the dates of publication thereof may be proven by the certificate of the clerk under the seal of the corporation.   And when printed in book or pamphlet form and purporting to be published by authority of the board of trustees, or the city council, the same need not be otherwise published; and such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinance, as of the dates mentioned in such book or pamphlet in all courts and places without further proof."

The authorities of cities or villages may, we think, adopt either mode.   In the case at bar the ordinances were printed in pamphlet form in accordance with the provisions of paragraph 66, but not within one month after their passage.

The appellant contends that the two paragraphs are to be construed together, and the requirement in paragraph 65 that the publication shall be made within one month held to apply to both modes of publication and deemed mandatory.   That the paragraphs should be construed together we concede, but we do not think the designation of time in which the publication is to be made is mandatory.

Provisions as to time and proof of publications are generally construed liberally by the court.   1 Beach Pub. Corp., Sec. 502.

In Whalen v. City of Macomb, 76 Ill. 49, the general

rule that provisions of a statute specifying a time within which a public officer is to perform an official act, shall be regarded as directory, merely, unless the nature of the act to be performed, or the language used by the legislature, shows that the designation of time was intended as a limitation of the power of the officer, is cited with approval.

It is a general rule that statutes directing the mode of proceeding by public officers are deemed advisory, and strict compliance with their detailed provisions not indispensable to the validity of the proceeding itself, unless a contrary interest can be clearly gathered from the statute. Endlich, Interpretation of Statutes, Sec. 437.

The requirement in question we regard a mere direction given with a view to secure orderly and prompt conduct of the public business of municipalities, and intended merely for the guidance and government of the authorities upon whom the duty is imposed. Such requirements are directory only. Endlich, Inter. of Statutes, Sec. 436.

The designation of time in which the publication shall be made does not touch upon the power or authority of the village board to enact the ordinance.

The object to be attained by the publication of ordinances is to give notice of their passage to the public, in order that the municipal laws may be known to those required to obey them.

The provision that no such ordinance shall take effect until ten days after it is published, is also applicable to ordinances published by either mode. The right of the public to notice is fully preserved, whether the publication is within the specified time or not. The designation of the time within which publication by either mode shall be made ought not to be deemed mandatory, and the ordinances declared void, but should be held to be directory only, for there is, as we think, nothing in the nature of the act to be performed or in the language of the statute to indicate that the designation of time was intended as a limitation upon the power of the city authorities to make the publication after the time fixed for publication in a newspaper.

The judgment is affirmed.