NEW LANDING UTILITY, INC., Plaintiff-Appellee and Cross-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant and Cross-Appellee.

Second District    No. 75-438

Opinion filed December 30, 1977.—Supplemental opinion filed on denial of rehearing April 17, 1978.

William J. Scott, Attorney General, of Chicago (James R. Sullivan and Hercules F. Bolos, Assistant Attorneys General, of counsel), for appellant.

Gene L. Armstrong and David W. Andich, both of Roan & Grossman, of Chicago, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant-appellant and cross-appellee, Illinois Commerce Commission, hereinafter referred to as the Commission, appeals from an order of the circuit court of Ogle County, which affirmed in part and reversed in part a Commission order entered November 14, 1973. Plaintiff-appellee and cross-appellant, New Landing Utility, Inc., hereinafter referred to as plaintiff, filed a cross-appeal in reference to the same court order. However, subsequently, on plaintiff's motion, the cross-appeal was dismissed.

The facts of this somewhat puzzling case begin on January 4, 1973, when the plaintiff filed with the Commission an application for a certificate of public convenience and necessity. Plaintiff desired to construct and operate a water and sewer utility for New Landing for the Delta Queen, hereinafter referred to as the development, which is a recreational second-home development located in Ogle County.

Hearings were held on plaintiff's application for a certificate of public convenience and necessity in June and August of 1973. At those hearings, plaintiff offered, among other things, testimony of the propriety of the

availability charges it hoped to collect from those who bought lots in the development. These availability charges were called for in the contract by which the lots were purchased in the development. The contract provided that a buyer of a lot agree to pay $5 a month to the plaintiff for water service and $5 a month for sewer service. The lot buyer agreed to pay these charges as soon as the lines for the respective services were in front of or adjacent to the buyer's lot. The buyer's obligation to pay these charges was independent of the question of whether or not the buyer established a connection to the service. In short, the buyers were obligated to pay this monthly availability charge as soon as the service became available for them to establish a service connection.

On November 14, 1973, the Commission granted the plaintiff a certificate of public convenience and necessity. However, the Commission's order granting this certificate of public convenience and necessity contained two provisions to which the plaintiff objected. The first required plaintiff to use a larger pipe size than it had originally planned to use. The second provision prohibited plaintiff from charging or collecting the availability charges for water and sewer service. Plaintiff requested a rehearing. The rehearing was held on January 30, 1974, at which time plaintiff offered additional testimony as to the propriety of the availability charges for water and sewer service. The Commission failed to enter a new order following the rehearing, and on July 3, 1974, plaintiff sought relief by filing an appeal in the circuit court of Ogle County. The circuit court affirmed the Commission in regard to the granting of the certificate of public convenience and necessity and in regard to the pipe size, but reversed the Commission's order in reference to the availability charges. The circuit court further ordered that the plaintiff could charge and collect the availability charges.

The Commission has appealed from that portion of the circuit court's order which reversed the Commission's order in regard to the availability charges. The plaintiff initially filed a cross-appeal in reference to the circuit court's affirmance of the pipe size requirement of the Commission's order, but that appeal was dismissed upon plaintiff's motion.

The Commission argues that the circuit court had no authority to affirm the Commission's order in part and reverse it in part. The plaintiff responds by asserting the circuit court had the authority to excise that portion of the Commission's order prohibiting the collection of the availability charges (a) because that provision was an unconstitutional infringement on the plaintiff's freedom to contract, and (b) because the Commission lacked jurisdiction over the question.

■■ We begin by examining the plaintiff's contention that the Commission's order unconstitutionally infringed upon the plaintiff's freedom

to contract because there was no finding that the availability charges violated the public health, safety, morals or general welfare. The plaintiff contends that the circuit court has the power to excise such an unconstitutional provision from the Commission's order while leaving intact the remainder of the order. We find plaintiff's contention to be inapplicable to the case at hand. The State may exercise its police powers to protect the public health, safety, morals and general welfare. By enacting the Public Utilities Act, the State legislature determined that it was necessary and proper for the State to use its police powers to regulate public utilities. That regulation includes the setting of reasonable rates. (Section 41 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 41).) Therefore the State, through the Commission, has the power, if it has made sufficient findings of fact at a proper hearing, to hold that the collection of an availability charge would constitute an unreasonable rate. Indeed, the very contract plaintiff now claims was impaired recognizes this power when it provides that the charges collected under it are subject to change by order of the Commission. Therefore it becomes clear that there is no constitutional question presented here, but rather a question of whether or not the Commission followed the proper statutory procedures.

Next we turn to the plaintiff's contention that the circuit court had the power to excise that portion of the Commission's order prohibiting the collection of the availability charges on the grounds that the Commission lacked the jurisdiction in the case at hand to deal with the question. We agree.

■■■ The Commission is a statutory creature with no powers beyond those conferred upon it by the State legislature. (*Black Hawk Motor Transit Co. v. Illinois Commerce Com.* (1947), 398 Ill. 542, 76 N.E.2d 478; *Illinois Commerce Com. ex rel. East St. Louis, Columbia & Waterloo Ry. v. East St. Louis & Carondelet Ry. Co.* (1935), 361 Ill. 606, 198 N.E. 716.) The plaintiff had petitioned the Commission for a certificate of public convenience and necessity under section 55 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 56). That section gives the Commission the authority to issue certificates of public convenience and necessity but does not give the Commission the authority to set rates. A certificate of public convenience and necessity may be issued only if the Commission finds the proposed service is necessary for the public convenience and necessity. (*Gulf Transport Co. v. Illinois Commerce Com.* (1948), 402 Ill. 11, 83, N.E.2d 336.) What constitutes the public convenience and necessity is within the discretionary powers of the Commission. (*Egyptian Transportation System, Inc. v. Louisville & Nashville R.R. Co.* (1926), 321 Ill. 580, 152 N.E. 510.) However, the Commission's power to define the public convenience and necessity must be viewed in

conjunction with the Commission's other statutory powers. Section 33 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 33) requires all public utilities to file a schedule of their rates and contracts with the Commission. The Commission has the power to conduct hearings on its own initiative if it has some objection to the rates a utility files (section 36 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 36)), and under section 41 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 41) the Commission has the power to set reasonable rates. In light of these rather extensive provisions we feel that it was clearly the legislature's intent that the Commission deal with rates when petitioned under one of the above described sections of the Public Utilities Act and not when petitioned under section 55 (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 56) for a certificate of public convenience and necessity. We hold that the Commission lacked the jurisdiction in the case at hand to prohibit the collection of the availability charges and that the circuit court therefore had the authority to excise that provision from the Commission's order. However, when the circuit court ordered the plaintiff be allowed to collect the availability charges, it entered an area that the legislature has seen fit to reserve for the Commission. Therefore that portion of the circuit court's order allowing the plaintiff to collect the availability charges is reversed, and the cause is remanded to the circuit court with instructions to modify its order to prohibit the plaintiff from charging or collecting the availability charges until it complies with the statutory provisions on the filing of rates by a public utility.

That portion of the circuit court's order affirming the issuance of a certificate of public convenience and necessity is affirmed. That portion of the circuit court's order reversing that portion of the Commission's order prohibiting plaintiff from charging or collecting the availability charges is affirmed, and that portion of the circuit court's order ordering plaintiff be allowed to collect the availability charges is reversed and the cause is remanded to the circuit court with instructions to modify its order to prohibit the plaintiff from charging or collecting the availability charges until plaintiff has filed a rate schedule with the Commission under section 33 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 33).

Affirmed in part; reversed in part; remanded with directions.

RECHENMACHER and GUILD, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiff herein originally filed a petition for a certificate of public convenience and necessity with the Commission. At the hearings before the Commission, the plaintiff expended a considerable amount of time and energy attempting to justify the charging and collection of the availability charges which became the core of this controversy. That the Commission accepted and apparently considered this testimony is evident because it placed a provision in its order granting the certificate of public convenience and necessity that prohibited the plaintiff from either charging or collecting the availability charges. The plaintiff petitioned the Commission for a rehearing. At the rehearing, the plaintiff presented more testimony to justify the collection of the availability charges. The Commission heard and considered this additional testimony but made no change in its order. The plaintiff next sought judicial review of the Commission's order in the circuit court of Ogle County. The circuit court affirmed that portion of the Commission's order granting the certificate of public convenience and necessity but struck that portion of the Commission's order prohibiting the collection of the availability charges, and the Commission appealed.

At no time has the Commission suggested that the plaintiff is not entitled to a certificate of public convenience and necessity—which is why the plaintiff petitioned the Commission in the first place. Everyone concerned seems to agree that the plaintiff is entitled to such a certificate. The only issues on review—both before the Commission and the courts— have concerned the peripheral issue of the availability charges. We held in our original opinion that the circuit court had the power to excise that portion of the Commission's order prohibiting the collection of the availability charges on the ground that the Commission lacked the jurisdiction to deal with the matter on a petition for a certificate of public convenience and necessity.

■■■ In its petition for rehearing, the Commission suggests we alter the reasoning of our holding to say that the circuit court had the power to strike that portion of the Commission's order prohibiting the collection of the availability charges because it was mere surplusage. We find the Commission's suggestion to have merit. A public utility may not provide or· perform any service until and unless it has filed a schedule of its proposed rates and charges with the Commission. (Section 35 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 35).) The sewer and water lines the plaintiff proposes to install would fall within the statute's broad definition of "service" (section 10—15 of the Public

Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 10.15)). As of yet, the plaintiff has not filed a proposed schedule of rates as required by section 33 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 33). Once the plaintiff does file such a proposed rate schedule, the Commission has the power to hold hearings on it (section 36 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 36)), and if the Commission finds the proposed rates to be unreasonable, the Commission has the power to set reasonable rates under section 41 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 41). Therefore, it appears that the plaintiff may not charge or collect the proposed availability charges, or any other charge or fee, until it has submitted a rate structure which receives the approval of the Commission. Consequently, it becomes apparent that the only effect that that portion of the Commission's order, which prohibited the collection of the availability charges, really had was to restate, in an abbreviated form, the requirements of the Public Utilities Act. Hence, the Commission was correct in suggesting that the portion of the Commission's order prohibiting the collection of the availability charges could be struck by the circuit court, based on its being surplusage.

We modify our original opinion to the extent that rather than agreeing with the contention of the appellee and cross-appellant that the circuit court had the power to excise that portion of the Commission's order prohibiting the collection of the availability charges, we now find that that portion of the Commission's order prohibiting the collection of the availability charges should be treated as surplusage.

We wish to emphasize that the basic underlying rationale behind our holding is that the plaintiff still has to obtain the Commission's approval of a rate structure before it could charge or collect the availability charges. Therefore, we are in no way removing this matter from the Commission's jurisdiction but instead are merely insisting that the Commission deal with the question of the propriety of the availability charges when the plaintiff petitions the Commission for approval of its rate structure.

The petition for rehearing is denied.

GUILD and RECHENMACHER, JJ., concur.