LAWRENCE FOLEY, Plaintiff-Appellant, *v.* THE CIVIL SERVICE COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-1388

Opinion filed October 22, 1980.

James J. Ahern, of Connelly & Ahern, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Lawrence Foley, brought this action seeking adminis-

trative review of the findings and decision of the Civil Service Commission of the city of Chicago and its successor Personnel Board[1] to discharge the plaintiff from his position as a probationary police officer with the Chicago Police Department. The trial court affirmed the decision of the Personnel Board. On appeal, the plaintiff contends that: (1) the Civil Service Commission and its successor Personnel Board lost jurisdiction by failing to render a decision within the time period established by the rules of the Civil Service Commission, (2) the Personnel Board lacked jurisdiction to order the plaintiff's discharge because it was a stranger to the proceedings held before the Civil Service Commission, and (3) the Personnel Board's findings and decision were contrary to the manifest weight of the evidence.

Foley began his employment with the Chicago Police Department on May 15, 1975, and participated in the training program for approximately two months. He was then placed on medical leave pending a Civil Service Commission hearing to review the decision of the superintendent of police to discharge him. The superintendent's decision was based on the recommendation of Doctors Clifton Rhead and Lester Rudy, members of the psychiatric advisory board of the Chicago Police Department, who conducted a psychological examination of the plaintiff and found the plaintiff unsuitable for the job of police officer. The plaintiff's Civil Service Commission hearing was held on November 7, 1975. On January 7, 1976, the Personnel Board of the City of Chicago, the successor to the Civil Service Commission, affirmed the plaintiff's discharge.

On appeal the plaintiff contends that the Civil Service Commission and its successor, the Personnel Board, lost jurisdiction by failing to render a decision within the time period established by Rule VII of the General Procedure for Review of Police Psychological Exam. That rule provides:

> *"Notice of Findings*:
> The Commission will give petitioner written notice of its decision no longer than seven days after the termination of the hearing."

The decision affirming the plaintiff's discharge was rendered two months after the Civil Service Commission hearing. The plaintiff argues that Rule VII should be given a mandatory construction so that the Board's noncompliance with it rendered its decision void. The defendants contend, however, that the rule should be construed as directory since the plaintiff was not injured by the failure of the commission to file its decision within seven days of the hearing.

---

[1] Pursuant to chapter 25.1 of the Municipal Code of Chicago, the Personnel Board was created to supersede the Civil Service Commission, effective January 1, 1976. The plaintiff's hearing occurred prior to this date, but the decision was rendered by the Personnel Board subsequent thereto.

■■ In interpreting the meaning of rules adopted by administrative agencies, the courts apply the rules of construction applicable to statutes. (See, *e.g., Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 365 N.E.2d 261; *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 335 N.E.2d 600.) Generally the provisions of a statute specifying a time within which a public officer is to perform an official act are regarded as directory unless the nature of the act to be performed or the language used in the statute evidences an intention to limit the power of the officer. (*Standard v. Village of Industry* (1894), 55 Ill. App. 523.) Provisions of this kind are not regarded as mandatory unless accompanied by negative words importing that the act shall not be done in any other manner or time than that designated (*French v. Edwards* (1872), 80 U.S. (13 Wall.) 506, 20 L. Ed. 702; *People v. Jennings* (1954), 3 Ill. 2d 125, 119 N.E.2d 781) or where a disregard of its provisions would injuriously affect a public interest or private right. *Johnkol, Inc. v. License Appeal Com.* (1969), 42 Ill. 2d 377, 247 N.E.2d 901; *Carrigan v. Illinois Liquor Control Com.* (1960), 19 Ill. 2d 230, 166 N.E.2d 574; *Latin Social Club, Inc. v. Illinois Liquor Control Com.* (1977), 54 Ill. App. 3d 798, 370 N.E.2d 109; see generally 2A Sutherland, Statutory Construction §57.07, at 422 (4th ed. 1973).

The plaintiff relies on numerous cases wherein disciplinary actions were reversed due to the failure of certain administrative agencies to satisfy specified time requirements. (See, *e.g., Jones v. Hannon* (1978), 58 Ill. App. 3d 504, 374 N.E.2d 834; *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519, 365 N.E.2d 544; *Zurek v. Cook County Police & Corrections Merit Board* (1976), 42 Ill. App. 3d 1044, 356 N.E.2d 1079; *Szkirpan v. Board of Education* (1975), 29 Ill. App. 3d 1047, 331 N.E.2d 863; *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308.) The rationale for time limitation provisions is to ensure expeditious action (*Springfield-Sangamon County Regional Plan Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307) and to protect the employee from arbitrary and capricious delay. (*Jones.*) Time limitations also serve to prevent the employee from suffering monetary injury and undue anxiety and to allow the employee to formulate future employment plans within a short period of time. *McReynolds.*

■■ We believe the decisive factor that requires a mandatory construction of Rule VII is the presence of negative language in that provision. In the case at bar, Rule VII of the General Procedure for Review of Police Psychological Exam uses the negative language "no longer than." In a similar case, *Lincoln Park Realty, Inc. v. Chicago Commission on Human Relations* (1972), 9 Ill. App. 3d 186, 292 N.E.2d 116, this court construed a city housing ordinance provision that contained the sentence "[n]o report

shall be delayed more than sixty days after the date of the issuance of notice for commencement of the first hearing" and stated that negative, prohibitory or exclusive words are generally construed as mandatory. Finding that the language in the ordinance was clearly negative, the court affirmed the trial court's ruling that the provision was mandatory. (Accord, *Cummings v. Daley* (1974), 58 Ill. 2d 1, 317 N.E.2d 22; *Rohm & Haas Co. v. Continental Assurance Co.* (1978), 58 Ill. App. 3d 378, 374 N.E.2d 727. But see *In re Annexation to City of Darien* (1973), 16 Ill. App. 3d 140, 304 N.E.2d 769.) In accordance with *Lincoln Park Realty*, we are compelled to find that the failure to comply with Rule VII was jurisdictional and that the decision affirming the plaintiff's discharge was void.

In view of our holding relative to the jurisdiction issue, a discussion of the additional issues raised by the plaintiff is unnecessary.

For the foregoing reasons the order of the Circuit Court of Cook County is reversed.

Reversed.

SIMON and RIZZI, JJ., concur.