JAMES SPRAY, Plaintiff-Appellee, *v.* ILLINOIS CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 82—656

Opinion filed May 3, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Kathleen M. Lein, Assistant Attorney General, of counsel), for appellants.

Gilbert A. Cornfield, of Cornfield and Feldman, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff filed a complaint for administrative review in the circuit court of Cook County against defendants Illinois Civil Service Commission (Commission) and Illinois Department of Corrections (Department) (sometimes collectively called defendants), seeking review of the Commission's decision to discharge him as a Pontiac Correctional Center correctional officer. The circuit court reversed the administrative decision, finding that it was rendered without statutory jurisdiction, from which defendants appeal. The principal issues raised on appeal include whether: plaintiff timely requested a section 11 hearing (Ill. Rev. Stat. 1981, ch. 127, par. 63b111) (section 11) and the Commission had jurisdiction to grant it; and, the Commission's decision was against the manifest weight of the evidence.

For the reasons set forth below, we affirm the judgment of the circuit court.

The jurisdictional issue requires an analysis of the procedural history in this controversy. Employee review hearings relative to plaintiff's alleged misconduct were conducted by the Department, in which plaintiff participated. The hearings culminated in the recommendation to the warden of the Pontiac Correctional Center that plaintiff "*** be suspended for twenty-nine (29) days and discharged in accordance with the policy of progressive discipline because he was guilty of conduct unbecoming an officer on November 22, 1979." The recommendation was concurred in by the warden and forwarded to plaintiff. On July 12, 1980, according to plaintiff's affidavit, he received the warden's recommendation of discharge at his "*** then current address, Lincolnshire Apartments, apartment #14, Pontiac, Illinois." The affidavit further avers generally that plaintiff notified the Pontiac Correctional Center of each change of address he made.

Statutory written charges for discharge were prepared and approved by the Director of the Department of Personnel (Personnel) (Ill. Rev. Stat. 1981, ch. 127, par. 63b111) on July 31, 1980, and sent on that date to plaintiff at 212 East Jackson Street, Cullom, Illinois, by certified mail, return receipt requested. The charges were returned "unclaimed." The affidavit of a Personnel employee averred that 212 East Jackson Street was the last known address appearing in plaintiff's personnel file; and that on September 17, 1980, a different ad-

dress, 756 North Chicago, Pontiac, Illinois, was obtained from plaintiff through inquiry of the warden's administrative assistant. On that same day, September 17, another copy of the approved written charges was claimed by affidavit to have been mailed to the new address by the secretary to the Department's chief personnel officer. No mention was made in this affidavit that the letter was sent by certified mail, return receipt requested, as required by Personnel Rule 2—730. Whether plaintiff ever received one, both, or none of the approved written charges and, if so, when he received them, is not made clear in the record, although in a document filed with the Commission, plaintiff's position appears to be that he has never received either copy.

On December 12, 1980, plaintiff sent a letter to the Commission indicating that he had not received his "Civil Service papers" and requesting a hearing regarding his discharge. He asked that all correspondence be sent to still another address, 1306 North Main, Pontiac, Illinois. Upon preliminary investigation, the Commission's staff recommended that plaintiff's appeal be denied for failure to file a timely request. On January 14, 1981, plaintiff's counsel filed objections to the staff recommendation to which the Department filed an answer and plaintiff a reply. After consideration of the jurisdictional arguments, a Commission hearing officer found that although plaintiff was never personally served with charges for discharge, he had in fact received the initial employee review recommendation, concurred in by the warden, that he be discharged, on July 12, 1980. The hearing officer recommended that the appeal be denied for lack of jurisdiction due to Spray's failure to pursue his right of appeal within proper time limits.

At its public meeting of February 19, 1981, the Commission rejected the recommended decision, and directed the staff to convene a hearing on the merits of the charges. On March 5, 1981, the Commission sent a letter to plaintiff's attorneys stating that it was Commission policy to deny appeal to employees who do not make diligent efforts to claim charges against them for discharge, but that since plaintiff and "*** his union made efforts to claim the charges," a hearing on the merits of the appeal would be held on April 2, 1981.

Also on March 5, 1981, plaintiff's counsel wrote a letter to the executive secretary of the Civil Service Commission recounting telephone conversations held between a Commission employee and himself on March 4 and 5 in which counsel: was asked whether March 13, 1981, would be an available date for him to attend the hearing, which was first declined and then accepted; that he was thereafter informed that the assistant Attorney General would not be prepared for a hear-

ing on March 13; that he was asked about an April 2 or 3 hearing date; and that he responded that an attorney would be "available" for April 2.

Plaintiff's counsel filed a motion to dismiss the proceedings with the Commission dated April 1, 1981, in which it was alleged that the Commission lost jurisdiction because it failed to grant a hearing to plaintiff within 30 days after requested, citing section 11. That motion was denied on April 7, 1981. The hearing was continued to May 8 at plaintiff's request. Following an evidentiary hearing, the Commission determined that the written charges for discharge were proved and warranted plaintiff's discharge.

On administrative review taken by plaintiff, the circuit court reversed the Commission's order holding it invalid due to the Commission's failure to grant him a timely section 11 hearing. The circuit court, in an opinion delivered orally prior to the entry of judgment, concluded that plaintiff's letter of December 12, 1980, triggered the 30-day mandatory hearing contained within section 11 and that even after the Commission found it had jurisdiction on February 19, 1981, it did not set the cause down for hearing until April 2, 1981, for some unexplained reason. It is from this order that defendants appeal.

Defendants maintain that plaintiff's failure to request a hearing within the prescribed time limits set forth in section 11 placed the Commission's jurisdiction for hearing outside section 11, asserting that the circuit court erred in its application of the statute and case law to the facts of this case. That part of section 11 pertinent to the issue raised reads as follows:

> "No officer or employee under jurisdiction B, relating to merit and fitness *** shall be removed discharged or demoted *** except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him. Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days." (Ill. Rev. Stat. 1981, ch. 127, par. 63b111.)

From the foregoing statutory prescription, it appears that three events are required to take place in order to establish Commission jurisdiction for a hearing: first, written charges approved by the Director of Personnel must be served upon the employee; second, the employee must make a written request for a hearing to the Commission within 15 days after service; and third, the Commission is required to commence a hearing within 30 days.

The difficulty raised by this record is that plaintiff has asserted continuously that he had never been served with the approved written charges required by statute. There is no evidence in the record to prove to the contrary. In fact, the Commission's hearing officer found that personal service was never effectuated upon plaintiff. The record shows that the first letter containing the approved written charges was forwarded to plaintiff by certified mail, return receipt requested, on July 31, 1980, which was returned to the Department of Personnel with the explanation that the letter was "unclaimed." On the envelope, the following legend appeared: "Authorized time for forwarding has expired. Please advise your correspondents of your new address." The second effort to forward the approved written charges to plaintiff was made on September 17, 1980, but not through certified, return receipt requested, mail as required by rule. The record is silent as to what became of this letter. Meanwhile, an affidavit filed by plaintiff's local union president reveals that he contacted the chief personnel officer assigned to the Department "*** at least by August 14, 1980 and notified him that James Spray had not received his official notice of discharge or notice of his right to appeal," and that he had contacted the same personnel officer or his office "*** several times during the months of August, September, October, November and December, ***'" concerning the same problem. The absence of a definite starting date from which other time-constrained activities were to proceed tainted the proceedings which followed.

Nevertheless, December 12, 1980, must be deemed as the date by which plaintiff either had received or had waived personal service of the charges by virtue of his having then directly requested a Commission hearing. Although the 30-day hearing commencement period required by section 11 should have begun with December 12, when it was postmarked, Commission personnel apparently determined that the issue of jurisdiction had to be resolved separately from the section 11 hearing.

■ The term "jurisdiction" may not be strictly applicable to the administrative body; however, it is appropriately utilized to designate the authority of that agency to act. (*Pocahontas Mining Co. v. Industrial Com.* (1922), 301 Ill. 462, 474-75, 134 N.E. 160; *Beam v. Erven* (1971), 133 Ill. App. 2d 193, 196, 272 N.E.2d 685.) An administrative authority derives its power solely from the statute through which it was created, and where jurisdiction is conferred by statute upon the agency, all facts necessary to the exercise of such jurisdiction must affirmatively appear from the record. (*Black Hawk Motor Transit Co. v. Illinois Commerce Com.* (1947), 398 Ill. 542, 552, 76 N.E.2d 478;

*Illinois Commerce Com. ex rel. East St. Louis, Columbia & Waterloo Ry. v. East St. Louis & Carondelet Ry.* (1935), 361 Ill. 606, 611, 198 N.E. 716; *New Landing Utility, Inc. v. Illinois Commerce Com.* (1977), 58 Ill. App. 3d 868, 871, 374 N.E.2d 6.) Under the circumstances presented by the instant case, the Commission had the right, if not the duty, to ascertain whether it had jurisdiction to grant the statutory hearing demanded by plaintiff. See *Anderson Lumber & Supply Co. v. Fletcher* (1950), 228 Ind. 383, 389-90, 89 N.E.2d 449, 452; 2 Am. Jur. 2d *Administrative Law* sec. 332 (1962).

■ The Commission's jurisdictional investigation was as much for plaintiff's benefit as it was for the employing agency, so that plaintiff's rights and the Department's responsibilities would be determined and adjudicated with a modicum of certainty and stability. (See *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 1065-66, 311 N.E.2d 308.) Having decided to make that determination, however, the Commission nevertheless should have set a date for hearings to commence within 30 days (*McReynolds*) from December 12, 1980, or no later than January 11, 1981, a Sunday, which would have permitted the hearing to have commenced on January 12, 1981. (Ill. Rev. Stat. 1981, ch. 1, par. 1012.) This, for some inexplicable reason, it did not do. No reason is suggested by this record as to why the jurisdictional issue could not have been considered at the section 11 hearing as the first order of business, and thereby remain in compliance with the statute. If, indeed, jurisdiction was found to be lacking, the hearing could have been terminated. Instead, the matter was needlessly delayed and the hearing process prolonged by resorting to staff investigations neither contemplated nor recognized by statute as bases for extending the commencement of the statutory hearing.

Defendants claim waiver of the 30-day rule in that plaintiff's objection to the recommended staff decision to deny a Commission hearing and his request that he be granted the hearing was made on January 14, 1981, more than 30 days after plaintiff's request for hearing on December 12, 1980. Waiver, however, presupposes that the party intends to forego a known right; there must be both knowledge that the right exists and an intent to relinquish it. (*Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 372, 335 N.E.2d 491.) Defendants here identify no rule which specifies that an employee must present an objection based upon the Commission's failure to comply with the statute, nor any time period within which it must be made. In the absence of such a rule, it cannot be inferred that plaintiff intended to waive the statutory provisions. *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519, 524, 365 N.E.2d 544.

Even if the mandatory hearing period were to be deemed extended by virtue of the confused jurisdictional situation in this case, no basis is shown in the record for the Commission to have set the hearing to commence on April 2, 1981, some 42 days after its order of February 19, 1981, in which it found that it had jurisdiction. No act of plaintiff can be deemed to have extended that time. When contacted by the Commission on March 4, 1981, plaintiff's counsel was offered March 13, 1981, as a proposed hearing date, which, after first having been declined, was accepted by him the next day. A Commission employee thereafter contacted the assistant Attorney General, who declined that date because he was unable to prepare for the hearing. The Commission employee then suggested April 2 or 3, 1981, as available hearing dates. The fact that plaintiff's counsel advised the Commission that an attorney would be "available" for that hearing does not amount to acquiescence in the April dates and, in fact, plaintiff subsequently moved to dismiss the proceedings for want of jurisdiction.

Further argument is made that the granting of the hearing beyond the 30-day requirement of section 11 constituted a discretionary benefit which, according to defendants, "*** place *** [the subject case] outside the contemplated statutory scheme ***," which should somehow be legitimized because "*** the Commission generously granted Plaintiff a hearing on the merits of the charges against him." No authority is cited, and none has been found, which authorizes a hearing "outside the contemplated statutory scheme," whether "generously granted" or not. Accordingly, the hearing and its result were nullities and the circuit court's finding to this effect must be affirmed.

In view of the disposition of the jurisdictional issues in this case, we need not address the arguments relating to the merits of plaintiff's discharge.

For the foregoing reasons, the judgment of the circuit court of Cook County must be affirmed.

Affirmed.

DOWNING, P.J., and PERLIN, J., concur.