THE GROVE SCHOOL, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC HEALTH, Defendant-Appellee.

First District (3rd Division)   No. 86—3574

Opinion filed September 2, 1987.

John L. Gubbins, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Grove School, appeals from a judgment of the circuit court of Cook County confirming an order of defendant, the Illinois Department of Public Health. On administrative review, the Illinois Department of Public Health found that plaintiff committed a type B violation (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—130) and denied plaintiff's motion to dismiss the administrative proceedings for lack of timeliness. Plaintiff contends that the finding that it was guilty of abuse was against the manifest weight of evidence, and that the hearing and decisions of defendant were void because it failed to grant a hearing within 30 days. We affirm.

Plaintiff is a privately operated not-for-profit school in Lake Forest, Illinois, which offers care and education to persons with multiple handicaps and developmental disabilities. Plaintiff is licensed and regulated by the Nursing Home Care Reform Act of 1979 (Act) (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—101 *et seq.*), and defendant is the State agency that administers the Act.

The incident which precipitated this matter occurred on December 18, 1984. Beth Johnson, plaintiff's employee, accompanied Sharon, a resident, from a classroom building to the skilled nursing

facility, which was approximately 150 feet. Johnson was with Sharon for 20 minutes, during which time Sharon repeatedly fell down and resisted being lifted to her feet. She had behaved similarly on other occasions prior to December 1984. After struggling with Sharon for 20 minutes in 20 degree to 30 degree temperatures, Johnson could no longer lift her and proceeded to drag Sharon along the concrete sidewalk for a distance of 10 feet. Two other of plaintiff's employees, Harland Snowden and Manuel Perez, observed Johnson struggling with Sharon and came over to assist in transporting her into the building. When they were inside, a nurse examined Sharon and found two abrasions on her back, which were approximately 1½ by 3 inches.

E. Robert Matson, plaintiff's executive director, learned of the incident on December 20, 1984, and reported it to defendant and to the Lake Forest police department. On December 31, 1984, the health facility surveillance nurse investigated the incident, and plaintiff received a notice of a type A violation. (Ill. Rev. Stat. 1985, ch. 111½, par. 4151−129.) Shortly thereafter, plaintiff requested a hearing. Eight or nine months later, plaintiff was notified that the Department of Public Aid was recouping its $3,400 payment received under the Quality Incentive Program (QUIP), because plaintiff had a type A violation pending. When plaintiff contacted defendant regarding the violation, defendant realized that the hearing request had been overlooked and promptly scheduled it. Prior to the hearing, plaintiff filed a motion to dismiss the violation due to defendant's failure to grant a timely hearing. The hearing officer ruled on plaintiff's motion at the close of a hearing which was conducted in December 1985. He recommended that plaintiff's motion to dismiss be denied and that the violation be reduced to a type B violation. Defendant accepted the recommendation of the hearing officer, refused to impose a sanction on plaintiff and issued a final order. On review, the circuit court confirmed the administrative order and this appeal followed.

█ Plaintiff contends that the finding that it was guilty of abuse was against the manifest weight of the evidence because the conduct of its employee was reasonable under the circumstances. The findings of an administrative agency on questions of fact are considered *prima facie* true and correct, and a reviewing court has no authority to substitute its judgment for that of the agency unless the administrative order was against the manifest weight of the evidence. (*Batley v. Kendall County Sheriff's Department Merit Com.* (1981), 99 Ill. App. 3d 622, 425 N.E.2d 1201; *Burke v. Board of Review* (1985),

132 Ill. App. 3d 1094, 477 N.E.2d 1351.) Therefore, the sole function of the reviewing court is to determine whether the findings are contrary to the manifest weight of the evidence. *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.

Here, there was a finding by defendant that plaintiff violated section 390.3240 of the Illinois Administrative Code, which states:

"[A]n owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident." (77 Ill. Adm. Code sec. 390.3240 (1985).)

"Abuse" is defined in section 1—103 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—103) as "[a] physical or mental injury *** inflicted on a resident other than by accident." Defendant determined that the act of abuse of plaintiff's employee was a type B violation. Section 1—130 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4151—130) defines a type B violation as "a condition or occurrence *** directly threatening to the health, safety or welfare of a resident." Here, it is undisputed that plaintiff's employee dragged a resident on concrete for approximately 10 feet, causing a physical injury in the form of abrasions to the resident's back. This conduct came within the statutory definition of "abuse," as well as a type B violation.

■ Plaintiff, however, claims that its employee's treatment of the resident was not "abuse" because it was reasonable under the circumstances, and the resulting injuries were accidental. Testimony was presented which described the weather conditions and the resident's behavior the day of the incident. In spite of these factors, there was sufficient evidence for defendant's findings, so that a court could not reweigh the evidence or make an independent determination of fact. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) By the same token, plaintiff's argument that its employee's conduct was accidental also has no merit where the injuries that the resident sustained were those likely to occur as a result of being pulled on a concrete surface and her problems with ambulation were well known to plaintiff's employee.

Accordingly, we find that defendant's determination that plaintiff committed a type B violation was not against the manifest weight of the evidence.

■■ ■ Plaintiff next contends that the administrative decision was void because defendant failed to schedule a hearing within 30 days of plaintiff's request, which plaintiff claims is a mandatory requirement. The statute in question is section 3—704 of the Act (Ill. Rev. Stat. 1985, ch. 111½, par. 4153—704), which provides in part:

"c. The Department shall commence a hearing within 30

days of the receipt of the request for a hearing ***."
The issue of whether defendant's delay in scheduling the hearing rendered the proceeding void is determined by whether the word "shall" in the statute is mandatory or directory. In construing a statute, the function of the court is to ascertain and give effect to the intent of the legislature by examining the entire statute. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374; *Lindsey v. Edgar* (1984), 129 Ill. App. 3d 718, 473 N.E.2d 92.) Although generally regarded as mandatory, the word "shall" can be construed as directory, depending upon the legislative purpose. Proper interpretation of the statute cannot be based only on its language, but must also include the nature, object and consequences of construing it one way as opposed to another. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332; *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.) If a provision of a statute states the time for performance of an official duty without any language denying performance after a specified time, it is directory. However, if the time period is provided to safeguard someone's rights, it is mandatory, and the agency cannot perform its official duty after the time requirement has passed. *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.

The 30-day requirement in the Act contains no negative language denying performance if the time requirement is not met, nor will the rights of persons the statute is intended to protect be adversely affected by such delay. For this reason, plaintiff's argument that the 30-day hearing requirement in the Act should be given a mandatory interpretation based on analogy to a similar provision in the Personnel Code is without merit. The legislative purpose of the hearing requirement in section 11 of the Personnel Code (Ill. Rev. Stat. 1985, ch. 127, par. 63b111) is to protect the rights of government employees protesting their discharge. Therefore, a hearing delay beyond 30 days could be injurious to such rights. (*Jackson v. Civil Service Com.* (1976), 41 Ill. App. 3d 87, 353 N.E.2d 331; *Spray v. Illinois Civil Service Com.* (1983), 114 Ill. App. 3d 569, 449 N.E.2d 176.) However, the legislative purpose of the Act is to protect nursing home residents from acts of abuse. The rights of these people will be far more adversely affected if defendant is unable to address charges of abuse because of a mandatory interpretation of the statute which would result in a dismissal of the proceeding, than they would be by a hearing delay. Therefore, we conclude that a directory interpretation of the statute in question is most consistent with the legislative intent and the one which should be applied.

Accordingly, we uphold the judgment of the circuit court of Cook County confirming the finding that plaintiff committed a type B violation.

Affirmed.

WHITE and FREEMAN, JJ., concur.