LINCOLN MANOR, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC HEALTH, Defendant-Appellant.

Fourth District No. 4—04—0544

Argued May 25, 2005.—Opinion filed July 14, 2005.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and John P. Schmidt (argued), Assistant Attorney General, of counsel), for appellant.

R. Samuel Postlewait (argued), of Winters, Featherstun, Gaumer, Postlewait, Stocks & Flynn, of Decatur, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

In February 2004, plaintiff, Lincoln Manor, Inc., filed a complaint for administrative review in the Macon County circuit court, arguing the order of the designee of the Director of the Department of Public Health (Department) upholding the recommended findings of an administrative law judge (ALJ) was void because it was not issued within the time allowed by section 3—707 of the Nursing Home Care Act (Act) (210 ILCS 45/3—707 (West 2002)). In May 2004, the circuit court agreed and found the order void. The Department appealed. We affirm.

## I. BACKGROUND

In September 2001, a resident of Lincoln Manor Nursing Home exited the nursing home without the knowledge of the nursing home

staff and fractured her hip in a fall. As a result of the resident's elopement from the nursing home and subsequent injury, a health facilities surveillance nurse inspected the nursing home for the Department. After the inspection, the Department issued Lincoln Manor a notice of violations of the Act and other Department regulations. The Department later issued a second notice to Lincoln Manor for violation of a federal regulatory provision. Both notices imposed fines on Lincoln Manor.

Lincoln Manor requested an administrative hearing. On September 23, 2002, the hearing concluded. On January 22, 2003, the Deputy Director, as the designee of the Department's Director, entered a final order adopting the ALJ's findings of fact, conclusions of law, and recommendations. The Deputy Director agreed with the ALJ that Lincoln Manor had committed the alleged state and federal violations.

On February 5, 2003, Lincoln Manor filed a complaint for administrative review in circuit court, arguing the Department's decision was void because it was not entered within the 120-day deadline set by section 3—707 of the Act (210 ILCS 45/3—707 (West 2002)). The court agreed. This appeal followed.

## II. ANALYSIS

The Department argues the language in section 3—707 of the Act (210 ILCS 45/3—707 (West 2002)), imposing a 120-day deadline for the Director's decision, is directory and not mandatory. We disagree.

### A. Standard of Review

In cases involving questions of statutory construction, we apply a *de novo* standard of review. *Swavely v. Freeway Ford Truck Sales, Inc.*, 298 Ill. App. 3d 969, 976, 700 N.E.2d 181, 187 (1998).

### B. Construction of Statute

■ Section 3—707 of the Act states in part as follows:

"The Director or hearing officer shall make findings of fact in such hearing, and the Director shall render his decision within 30 days after the termination of the hearing, unless additional time not to exceed 90 days is required by him for a proper disposition of the matter." 210 ILCS 45/3—707 (West 2002).

■ Our supreme court has stated that "[t]he primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute." *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935, 939 (1997). If the language of a statute is clear and unambiguous, we do not resort to other aids of statutory construction. *Woodard*, 175 Ill. 2d at 443, 677 N.E.2d at 939.

"Generally, the use of the word 'shall' in a statute is regarded as indicating a mandatory rather than a directory intent. The rule is not, however, an inflexible one; the statute may be interpreted as permissive, depending upon the context of the provision and the intent of the drafters." *Woodard*, 175 Ill. 2d at 445, 677 N.E.2d at 940.

Normally, if a statute specifies a time for the performance of an official duty, the statute only will be considered directory if the rights of the parties cannot be injuriously affected by failure to act within the time indicated in the statute. *Carrigan v. Illinois Liquor Control Comm'n*, 19 Ill. 2d 230, 233, 166 N.E.2d 574, 576 (1960). "However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory." *Carrigan*, 19 Ill. 2d at 233, 166 N.E.2d at 576.

According to Sutherland Statutory Construction:

"Negative words in a grant of power should never be construed as directory. Where an affirmative direction is followed by a negative or limiting provision, it becomes mandatory. Negative words do not always compel an imperative construction nor does their absence compel directory construction. However, the absence of negative words may be considered in support of directory construction." 3 N. Singer, Sutherland Statutory Construction § 57:9, at 37 (6th ed. 2001).

In *Foley v. Civil Service Comm'n*, 89 Ill. App. 3d 871, 871-72, 412 N.E.2d 612, 612 (1980), Foley, the petitioner, brought an administrative action after being discharged from his position as a probationary police officer. The trial court affirmed the administrative decision. *Foley*, 89 Ill. App. 3d at 872, 412 N.E.2d at 612. On appeal, Foley argued the Civil Service Commission and its successor, the Personnel Board, lost jurisdiction by failing to render a decision in his case within the time period established by the rules of the Civil Service Commission. *Foley*, 89 Ill. App. 3d at 872, 412 N.E.2d at 612. The rule at issue stated:

" 'Notice of Findings:

The Commission will give petitioner written notice of its decision no longer than seven days after the termination of the hearing.' " *Foley*, 89 Ill. App. 3d at 872, 412 N.E.2d at 613.

Foley did not receive notice of the Personnel Board's decision to affirm the plaintiff's discharge until two months after his Civil Service Commission hearing. *Foley*, 89 Ill. App. 3d at 872, 412 N.E.2d at 613.

Foley argued the rule should be given a mandatory construction. *Foley*, 89 Ill. App. 3d at 872, 412 N.E.2d at 613. The appellate court

agreed with Foley that the rule was mandatory and held that the Civil Service Commission and its successor, the Personnel Board, lost jurisdiction. *Foley*, 89 Ill. App. 3d at 874, 412 N.E.2d at 614. The appellate court stated it believed the decisive factor requiring a mandatory construction was the presence of the negative language " 'no longer than' " in the administrative rule. *Foley*, 89 Ill. App. 3d at 873, 412 N.E.2d at 614.

In *Kurr v. Town of Cicero*, 235 Ill. App. 3d 528, 601 N.E.2d 1233 (1992), the appellate court had to determine whether a town ordinance was mandatory or directory. The ordinance in question stated:

> " 'In the event the property inspected is found to be in full compliance with the Minimum Housing Code, Building Code, Electrical Code, Plumbing Code[,] and Zoning Codes of the Town of Cicero, the Building Commissioner shall then immediately cause a Certificate to issue stating that the said property is in full compliance with said Ordinances. *If violations of said ordinances are found to exist, the Building Commissioner shall, as soon as practicable, but in no event later than 30 days following such inspection, provide the applicant with a detailed report of the violations to be corrected.* \*\*\* Upon correction of all violations specified by the Building Commissioner, the Building Commissioner shall then issue the required Certificate of Compliance.' (Emphasis added.) Cicero, Ill., Zoning Ordinance vol. I, ch. 40, par. 40—4(A)(4) (1977)." *Kurr*, 235 Ill. App. 3d at 533, 601 N.E.2d at 1236.

According to the appellate court, the "use of the word 'shall' in the ordinance coupled with the negative words 'but in no event later than 30 days' leads to the conclusion that the notice provision was mandatory rather than directory." *Kurr*, 235 Ill. App. 3d at 533, 601 N.E.2d at 1236.

Although not at issue in this case, the Department is correct that two provisions in the Act have been ruled directory by the First District Appellate Court. See *Grove School v. Department of Public Health*, 160 Ill. App. 3d 937, 513 N.E.2d 973 (1987); *Moon Lake Convalescent Center v. Margolis*, 180 Ill. App. 3d 245, 535 N.E.2d 956 (1989). However, the provisions at issue in *Grove School* and *Moon Lake Convalescent Center* do not include negative words.

The Department also relies on this court's decision in *Cooper v. Department of Children & Family Services*, 234 Ill. App. 3d 474, 599 N.E.2d 537 (1992). However, the provision at issue in *Cooper* also does not contain negative language. See *Cooper*, 234 Ill. App. 3d at 481-83, 599 N.E.2d at 541-43.

■ Only the Third District Appellate Court has considered whether section 3—707 of the Act is mandatory or directory. See *Frances House,*

*Inc. v. Department of Public Health,* 269 Ill. App. 3d 426, 431, 645 N.E.2d 1009, 1013 (1995). According to *Frances House*:

> "Section 3—707 of the *** Act contains negative words in that, in addition to an initial 30-day period, the Director can have 'additional time *not to exceed 90 days'* for rendering his final decision. (Emphasis added.) [Citation.] Thus, under the rule of statutory construction consistently applied by Illinois courts, the time limitation in section 3—707 must be construed as mandatory.
>
> We believe that a mandatory interpretation of section 3—707 is consistent with the intent and purpose of the Act: to protect the health, welfare[,] and safety of [nursing] home residents. [Citations.] A prompt resolution of complaints is in the best interest of residents. IDPH will have more incentive for timely enforcement of its regulations if the statutory time period for reaching a decision after the hearing is mandatory rather than directory. IDPH lost jurisdiction of this cause when the Deputy Director failed to render a decision within 120 days of the conclusion of the hearing." *Frances House*, 269 Ill. App. 3d at 431, 645 N.E.2d at 1013.

We agree that the negative language "not to exceed 90 days" requires a mandatory interpretation of section 3—707 of the Act.

Further, in the 10 years since the *Frances House* decision, the General Assembly has not modified the language of section 3—707 of the Act. We presume that the General Assembly knows how section 3—707 of the Act has been interpreted. See *In re May 1991 Will County Grand Jury,* 152 Ill. 2d 381, 388, 604 N.E.2d 929, 933 (1992).

Based on both the negative language contained in section 3—707 of the Act and the fact the General Assembly has not changed the language of that section since the *Frances House* decision, we find the General Assembly intended for section 3—707 of the Act to be mandatory.

### III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

APPLETON and KNECHT, JJ., concur.