ROBERT T. BEAM, Plaintiff-Appellant, v. WARREN C. ERVEN et al., Defendants-Appellees.

(No. 54638;

First District—May 24, 1971.

194

Sidley & Austin, of Chicago, (Robert A. Downing, of counsel,) for appellant.

Paul Peter Black, of Chicago, for appellees.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This action was brought by Robert T. Beam (plaintiff) praying that a zoning variation granted by the Zoning Board of Appeals of the City of Des Plaines (Zoning Board) be declared void and further seeking an injunction to prevent housing construction upon the subject property in reliance upon the variation. The complaint was dismissed by the trial court on the ground that plaintiff's sole remedy was by way of an appeal from the Zoning Board's action under the Administrative Review Act. Plaintiff's subsequent motion seeking alternative relief of either the vacation of the order of dismissal or the permission to plaintiff to file an amended complaint containing a count for relief under the Administrative Review Act was denied. Plaintiff appeals from both orders.

The pleadings and motions, and the exhibits attached thereto, filed below reveal that the subject property is a single vacant lot located at 853 East Grant Street in the City of Des Plaines. The property had been owned by defendant Warren C. Erven (Erven), but prior to the commencement of this action, it was sold to defendant Harvest Homes, Inc., (Harvest Homes), a construction company which intended to construct a single family residence on the property. The propertly lies within an R-2 zoning district, which is single family residential with a minimum square footage restriction. Erven also owns and resides upon the lot immediately east of and adjacent to the subject property. Plaintiff owns and resides upon the lot immediately west of and adjacent to the subject property.

The square footage of the subject property is less than that required in an R-2 zoning district. On November 26, 1968, Erven entered into a contract for the sale of the subject property to Harvest Homes, the sale being conditioned upon Erven securing a variation in the zoning on the property within 90 days from the date of the contract to permit construction on the undersized realty of a building measuring 26 feet by 50 feet. On December 6, 1968, Erven filed an application before the Zoning Board requesting such relief, and the application was considered by the Zoning Board at a public hearing held on January 21, 1969. After hearing evidence, the variation was granted on January 23, 1969, allowing the proposed construction on the undersized lot. It is undisputed that the hearing was held in accordance with the ordinance and statutory requirements as to public notice and the like.

The zoning ordinance of the City of Des Plaines provides that variations may be granted by the Zoning Board to permit construction on undersized lots, but that no variation may be granted for any lot which contains less than 90 percent of the square footage required by the ordinance. It is undisputed that the subject property contains 86.4 percent of the minimum area required for construction in the R-2 zoning district.

On February 26, 1969, the City of Des Plaines issued a building permit for the construction of a building in accordance with the variation granted by the Zoning Board. On February 27, 1969, Erven sold the property to Harvest Homes pursuant to the November 26, 1968 contract. This action was commenced on February 28, 1969 under Section 11-13-15 of the Cities and Villages Act which permits designated persons to institute independent legal actions where a zoning violation, or the like, exists in a given area. (Ill. Rev. Stat. 1967, Chap. 24, Para. 11-13-15.) Named as defendants in the complaint were all parties mentioned above, with the exception of Harvest Homes, which was designated as "John Doe." Harvest Homes was subsequently named a defendant in an alias summons served on March 14, 1969. The complaint was thereafter dismissed by the trial court on the ground that plaintiff should have proceeded pursuant to Section 11-13-13 of the Cities and Villages Act, relating to appeals from final administrative decisions under the Administrative Review Act. The trial court also denied plaintiff's motion to be allowed to file an amended complaint, and this appeal followed.

Plaintiff contends that the Zoning Board of Appeals of the City of Des Plaines was without power to grant the application for the variation filed by Erven since the zoning ordinance specifically prohibited the granting of a variation for construction on property having a square footage of less than 90 percent of that required by the ordinance. Plaintiff

argues that for that reason the Zoning Board was without jurisdiction of the subject matter, and consequently plaintiff is not limited to the procedures contained in the Administrative Review Act in prosecuting his attack on the validity of the variation.

We have no disagreement with the rules of law cited by plaintiff with regard to the power of a municipality to enact valid zoning ordinances. A municipality has no inherent power to zone, but such power stems solely from enactment by the legislature and undeniably, that enactment must be strictly complied with if the municipality is to validly zone. (Ill. Rev. Stat. 1967, Chap. 24, Para. 11-13-1, *et seq.; Trust Co. of Chicago v. City of Chicago*, 408 Ill. 91, 97-98.) However, plaintiff's contention that the Zoning Board of Appeals of the City of Des Plaines was without jurisdiction of the subject matter in the instant action, on the ground that the City's zoning ordinance specifically prohibited the granting of a variation for property having less than 90 percent of the required area, is without foundation.

■■ While not strictly applicable to an administrative body, the term "jurisdiction" may be employed to designate the authority of the administrative body to act, and as such, the term is governed by analogy to the rules which are applicable to the courts. (See *Pocahontas Mining Co. v. Industrial Com.*, 301 Ill. 462, 474.) If the administrative body has acquired jurisdiction of the subject matter and of the parties to a proceeding, it may proceed with the specific case before it although it may not have power to deal with that specific case, where no timely and proper objection is made. (*Faris v. Faris*, 35 Ill.2d 305, 309; *In re Petition of Volpe*, 328 Ill.App. 311 (at page 5 of abstract opinion.)) As stated in *Taylor Coal Co. v. Industrial Com.*, 301 Ill. 381, at page 384:

> "If, therefore, the question of jurisdiction of the [administrative body] or the circuit court was one that could be waived, it was waived. The general rule as applied to courts is, that jurisdiction of the subject matter,—which means jurisdiction of the class of cases to which the particular case belongs and not jurisdiction of a case within such a class,—cannot be waived. The method by which jurisdiction of a particular case within the general class of cases is obtained, and any defects or irregularities in respect thereto, may be waived, and are waived unless seasonable objection is made in accordance with the established practice. [Citing cases.] Where a court has jurisdiction of the subject matter and may take jurisdiction of a particular case if certain conditions exist, and no objection is raised to the exercise of jurisdiction, as in case of a limitation barring a writ of error, an adequate remedy

at law and the like, a party will be deemed to have waived the jurisdictional question. [Citing cases.]"

See also *United Biscuit Co. v. Voss Truck Lines,* 407 Ill. 488; 50 C.J.S. Jurisdiction, pp. 1091-1092.

Section 9E.4 of the City of Des Plaines zoning ordinance recites that variations from the regulations of the ordinance may be granted by the Zoning Board "in the following instances, and in no others: * * *

"(2) to permit the use of a lot for a use otherwise prohibited solely because of the insufficient area of the lot, but in no event shall the area of the lot be less than 90 per cent of the required lot area; * * *."

The "subject matter jurisdiction" granted to the Zoning Board by the City of Des Plaines zoning ordinance was the power to permit variations on undersized lots, which constitute the "class of cases" to which the Court alludes in the *Taylor Coal* case. Cases which involve lots whose area is less than 90 percent of that required by the ordinance are the "particular cases" within the general class to which the Court alludes in the *Taylor Coal* case. The Zoning Board of Appeals of the City of Des Plaines had jurisdiction of the subject matter when Erven filed his application for a variation on the undersized lot. Without entertaining jurisdiction and holding a hearing in the matter the Zoning Board could in no way have determined whether the square footage of the subject property was more or less than 90 percent of that required by the ordinance, since Erven's application for the variation shows on its face only the name of the applicant, the address and legal description of the subject property, and the general relief requested; it does not show the dimensions of the lot from which a square footage calculation could have been made.

■■ It is undisputed that public notice was given of the hearing to be held on the application for the variation and that a public hearing was in fact held. The order granting the variation recites, *inter alia,* that due notice was given of the hearing, that the Zoning Board had jurisdiction of the subject matter and of the parties, and that there were no objectors to the relief sought through the application. Plaintiff, who lived next door to the subject property, was one of the public who was interested in the outcome of the matter and was therefore affected by the public notice. As such, plaintiff could have raised his objection at the hearing to the exercise by the Zoning Board of the power granting the variation in this particular case. The Zoning Board, having jurisdiction of the subject matter, issued its order granting the variation, the order was final, and the plaintiff's sole and exclusive remedy to question the validity of that

order and to question the power of the Zoning Board to issue the order was under the procedures set out in the Administrative Review Act.

The cases cited by plaintiff in support of his position are inapposite on their facts from the circumstances in the case at bar. In *People ex rel. Builders Supply Etc. v. Village of Maywood*, 22 Ill.App.2d 283, the trial court granted plaintiff's request for a declaratory judgment after his request for a building permit was denied by the appropriate public official. Plaintiff did not appeal to the Board of Appeals from the denial of the permit, but instead filed a complaint for a declaratory judgment seeking either (a) a declaration that the ordinance permitted the desired structure or (b) that the ordinance was invalid as applied to the subject property. The trial court granted plaintiff the relief as requested under (a). On appeal the reviewing court reversed, stating that the relief requested under (a) fell within the procedures outlined in the Administrative Review Act and that therefore plaintiff did not exhaust its administrative remedies.

In *Fox v. City of Springfield*, 10 Ill.2d 198, a declaratory judgment was sought based upon the constitutionality of the ordinance as applied to the subject property, rather than a review of the action of the zoning board. On appeal it was held that the trial court had jurisdiction to entertain the action.

In *Stemwedel v. Village of Kenilworth*, 14 Ill.2d 470, it was also held that an action to test the constitutionality of an ordinance as it applied to the subject property was an action for independent relief and was not a proceeding to review the action of the zoning board.

In the case of *Bull v. American National Bank and Trust Co. of Chicago*, 112 Ill.App.2d 32, the Appellate Court limited its decision to the "circumstances of this case." There, the defendant's application for a zoning variation was denied by the zoning administrator and the defendant appealed the decision to the board of appeals. While the appeal was pending before the board and without notice to either the board or the plaintiff (an interested person), defendant applied to the zoning administrator a second time and its second request was allowed. Defendant thereupon commenced construction of its structure based upon a permit issued pursuant to the variation granted on the second application. Thereafter the zoning board affirmed the decision of the administrator as to the first application, and the defendant did not appeal that determination. Plaintiff observed the permit issued pursuant to the second application posted at the construction site and sued to enjoin the construction; the trial court held for the defendant. On appeal the Appellate Court reversed, stating that plaintiff's choice of remedies was not incorrect primarily because of the defendant's overall conduct which

placed plaintiff in an awkward position. The *Bull* case is clearly distinguishable from the case at bar.

Also distinguishable from the case at bar are the cases cited by plaintiff to the effect that he had no standing to take an appeal from the ruling of the City of Des Plaines Zoning Board of Appeals. (See *Winston v. Zoning Board of Appeals,* 407 Ill. 588; *Krachock v. Department of Revenue,* 403 Ill. 148.) In the instant case, the pleadings reveal that plaintiff was directly interested in the outcome of the request for the variation inasmuch as he resided next door to the subject property.

The final point raised by plaintiff is that the trial court committed error in denying his motion for alternative relief of either the reinstatement of the complaint or the permission to file the amended complaint seeking relief under the Administrative Review Act.

An amendment to a complaint relates back to the date of filing of the original pleading where the amendment bears upon the issues raised in the original complaint. But an amendment asserting a new cause of action will not be permitted after the statute of limitations has run. *Walsh v. Central Cold Storage Co.,* 324 Ill.App. 402; *White v. City of Belleville,* 284 Ill.App. 322.

The amended complaint which plaintiff attempted to file would have injected a new issue into the case, that of relief under the Administrative Review Act. The time set for reviewing final administrative decisions by Section 4 of the Administrative Review Act is 35 days; plaintiff attempted to file the amended complaint seven months after the decision of the Zoning Board. The attempt to file the amended complaint came too late. See Ill. Rev. Stat. 1967, Chap. 110, Para. 267.

For these reasons the order of September 10, 1969, dismissing the original complaint and the order of October 2, 1969, denying plaintiff's motion to vacate the order of dismissal or for leave to file the amended complaint are affirmed.

Orders affirmed.

LYONS and GOLDBERG, JJ., concur.