DENNIS WHILDIN *et al.*, Plaintiffs-Counterdefendants-Appellees, *v.* JULIUS KOVACS *et al.*, Defendants-Counterplaintiffs-Appellants.

First District (3rd Division)   No. 79-1047

Opinion filed March 31, 1980.

Lionel I. Brazen and Manuel Rosenstein, both of Chicago, for appellants.

Christ G. Marinakis and George G. Marinakis, both of Chicago, for appellees.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The Circuit Court of Cook County dismissed the amended counterclaim of Julius Kovacs, Mary Lou Kovacs, Anna Barra and the American National Bank and Trust Company of Chicago, trustee under trust No. 77880 (appellants) and denied further amendment thereof. On appeal, the appellants allege that the trial court erred in finding that the amended counterclaim failed to state a cause of action for the tort of slander of title. In addition, they argue that the court abused its discretion when it refused to allow the appellants to file a second amended counterclaim.

The amended counterclaim alleges that Dennis Whildin and Vasilios Melanis (appellees) submitted to appellants an offer to purchase a certain parcel of real estate. The appellants accepted the offer subject to the rescission of an existing contract involving the same parcel of real estate.

Subsequently, the appellees were notified that the first contract had not been cancelled, and the earnest money deposit was returned to them. Nevertheless, the appellees recorded their real estate contract with the recorder of deeds of Cook County and filed a notice of lis pendens against the property. The appellants assert that these actions constituted a slander of title which impaired their ability to sell the property.

The trial court granted the appellees' motion to dismiss the counterclaim. The reason for the court's ruling was that the amended counterclaim did not contain an allegation that the appellees had acted with malice. The court also denied appellants' oral request to file a second amended counterclaim.

■■■ Slander of title is a false and malicious publication, oral or written, of words which disparage a person's title to property resulting in special damages. (*Midwest Glass Co. v. Stanford Development Co.* (1975), 34 Ill. App. 3d 130, 339 N.E.2d 274; *Home Investments Fund v. Robertson* (1973), 10 Ill. App. 3d 840, 295 N.E.2d 85; Restatement (Second) of Torts §624 (1977).) The act of maliciously recording a document which casts a cloud upon another's title to real estate is actionable as slander of title. (*Home Investments Fund*; see also Annot., 39 A.L.R.2d 840 (1955).) However, if the party who records the document has reasonable grounds to believe that he has title or a claim to the property, he has not acted with malice. *Midwest Glass Co.*

Although the appellants concede that their counterclaim does not

contain the word malice, they point out that it alleges that the appellees filed the contract and lis pendens notice without legal justification. It is the appellants' position that such a filing without legal justification is sufficient to establish malice in a slander of title action. To support this argument they rely on a section of the Restatement of Torts which provides that one who publishes matter disparaging to another's property in land is subject to liability despite the fact that he neither knew nor believed the disparaging matter to be false. Restatement of Torts §625(b) (1938).

The Restatement (Second) of Torts, however, has rejected this theory of strict liability. (Restatement (Second) of Torts §623A (1977); see also *Annbar Associates v. American Express Co.* (Mo. App. 1978), 565 S.W.2d 701.) The Restatement now provides in section 623A:

> "One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if
>
> (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and
>
> (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity."

This provision is consistent with the holding in *Midwest Glass Co.* that a person has not acted with malice if he possesses reasonable grounds to believe that he has a claim to the property.

■ Although we have construed the pleading liberally, we agree with the trial court that the amended counterclaim contains no allegation of malice. Such an allegation is essential in order to state a cause of action for slander of title (*Stirs, Inc. v. City of Chicago* (1974), 24 Ill. App. 3d 118, 320 N.E.2d 216; *Allison v. Berry* (1942), 316 Ill. App. 261, 44 N.E.2d 929.) Therefore, the trial court correctly dismissed the amended counterclaim.

The appellants also argue that the trial court abused its discretion when it denied their request to file a second amended counterclaim.

The Civil Practice Act provides in substance that amendments to pleadings may be allowed at any time prior to trial. (Ill. Rev. Stat. 1977, ch. 110, par. 46.) Although this section is to be liberally construed in favor of allowing amendments, a party has no absolute right to amend his pleadings. (*Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84; *Beresky v. Teschner* (1978), 64 Ill. App. 3d 848, 381 N.E.2d 979.) The decision to allow an amendment is a matter within the sound discretion of the trial court and, absent a manifest abuse of said discretion, we will not disturb the court's decision. *Intini; Beresky.*

■ Before the trial court can be deemed to have abused its discretion, the record must disclose that reasons or facts were presented to the court as a basis for requesting the favorable exercise of its discretion. (*Intini;*

*City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 374 N.E.2d 1277; *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 318 N.E.2d 162.) In the present case the appellants did not tender to the trial court the proposed amendment or indicate how they would cure the defect in the counterclaim. We can presume, therefore, that the appellants' third attempt to state a cause of action would be no more successful than the prior two attempts. (*Hassiepen.*) Consequently, we find that the trial court did not abuse its discretion when it denied the appellants' request.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

SIMON and RIZZI, JJ., concur.