WILLIAM R. STARNES, Plaintiff-Appellant, v. INTERNATIONAL HARVESTER COMPANY *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0616

Opinion filed June 15, 1989.

Jack A. Strellis, of Strellis, Faulbaum & Field, of Waterloo, for appellant.

Michael P. Tone and Anne Fiedler, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee Robert D. Owen.

Emily Nicklin, of Kirkland & Ellis, of Chicago, for appellee International Harvester Company.

JUSTICE LUND delivered the opinion of the court:

Plaintiff filed suit for libel and slander. Following motions for summary judgment, the circuit court of Sangamon County entered judgment in favor of defendants. Plaintiff appeals. We affirm.

Plaintiff William B. Starnes was the judge who presided over a lengthy and controversial product liability trial in St. Clair County. Defendant International Harvester Company (International) was the defendant in the matter, and defendant Robert D. Owen was International's trial counsel. That cause is described in the decisions of the reviewing courts. *Stambaugh v. International Harvester Co.* (1982), 106 Ill. App. 3d 1, 435 N.E.2d 729, *rev'd & remanded* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011.

The product liability trial spawned a second dispute more pertinent to this appeal. Owen considered plaintiff remiss in his role as judge presiding over the product liability trial. Owen presented allegations of impropriety to several Federal law enforcement officials, as well as the Judicial Inquiry Board of the State of Illinois. Plaintiff considered the allegations defamatory and filed this action for libel and slander. This cause has been reviewed on appeal on two prior occasions. (*Owen v. Mann* (1985), 105 Ill. 2d 525, 475 N.E.2d 886; *Starnes v. International Harvester Co.* (1986), 141 Ill. App. 3d 652, 490 N.E.2d 1062 (*Starnes I*).) On this appeal, plaintiff alleges two er-

rors: (1) the trial court erred in finding that communications to Federal law enforcement officials are absolutely privileged and, therefore, immune from discovery; and (2) the trial court erred in denying plaintiff leave to file a second-amended complaint.

■ As this case has been discussed in the previous opinions, we will briefly review the procedural history as it relates to the questions in this appeal. Plaintiff's original complaint, filed in 1982, consisted of two counts. Count I alleged libel through submission of written materials to members of the Department of Justice and the Judicial Inquiry Board. Count II alleged oral communications to "numerous persons." Plaintiff's complaint was withdrawn and refiled in substantially the same form, except the references to the Department of Justice in count I were deleted. At one point, plaintiff's then counsel explained that the references to the Department of Justice were deleted because of a privilege attached to such communications. Emphasis was put on seeking recovery for harm to reputation caused by the material submitted to the Judicial Inquiry Board. This effort met a roadblock in *Starnes I*, where it was held that "communications with the [Judicial Inquiry Board] are absolutely privileged against claims of defamation so as to preclude actions for libel or slander based thereon." (*Starnes*, 141 Ill. App. 3d at 659, 490 N.E.2d at 1067.) Count I was ordered dismissed, and the matter was remanded for further proceedings on count II. Our opinion in *Starnes I* was filed in March 1986.

Plaintiff sought leave to file a second-amended complaint in May 1987. Count I of the amended complaint substituted "the Attorney General's office and various other agencies or persons" for the Judicial Inquiry Board. Count II again alleged slanderous statements had been made to "numerous persons." Counts III and IV were new. Count III was a claim for invasion of privacy, and count IV added a claim for intimidation. Although the motion was filed in May 1987, the hearing was not held until December 1987. At that time, the court heard argument on several motions and set the matter on for trial in April 1988. The motions were taken under advisement. In a March 1988 letter opinion, the court denied leave to file the second-amended complaint because it was untimely and it raised new claims which would require further discovery and preparation for trial.

In further proceedings, it became apparent that the only persons plaintiff could identify as recipients of defamatory statements were Federal law enforcement officials. Plaintiff sought discovery from these Federal officials in order to ascertain the identities of other persons who may have heard or seen the statements. In April 1988, both defendants filed motions for summary judgment. In granting the mo-

tions, the circuit court determined that communications to Federal law enforcement officials were absolutely privileged. Because plaintiff could identify only privileged communications for his libel and slander claims, the claims were dismissed. Further, the court determined plaintiff had not shown facts to support a finding of malice, as would be required for a defamation action by a public official. (See *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 279-80, 11 L. Ed. 2d 686, 706, 84 S. Ct. 710, 725-26.) Plaintiff filed a timely notice of appeal.

■■ ■ Plaintiff agrees that statements made to law enforcement officials are privileged. However, he argues the privilege is conditional and not absolute. In general, a conditional or qualified privilege affords protection for communications made in good faith and with a reasonable belief in the truth of the allegations, even though such communications would normally be actionable. However, if the communications are made with malice, the privilege does not apply. (50 Am. Jur. 2d *Libel & Slander* §§195, 215 (1970).) An absolute privilege provides complete immunity from civil action, even though the statements are made with malice, because public policy favors the free and unhindered flow of such information. (53 C.J.S. *Libel & Slander* §58(a) (1987).) Plaintiff argues statements made to law enforcement officials should not be accorded complete immunity because it condones and even encourages malicious harassment through police investigations. According to plaintiff, a qualified privilege provides adequate protection for those reporting incidents of alleged wrongdoing to law enforcement authorities. A qualified privilege also provides a means of redress for those who have been wronged by defamatory statements made with malice. In this case, plaintiff is a circuit court judge who cannot mount a public relations campaign to clear his name, as can other elected public officials. Plaintiff must live with the damage to his reputation unless he can find remedy through a civil action for defamation.

As support, plaintiff cites our opinion in *Starnes I*, and two cases from our discussion therein. (*Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 419 N.E.2d 1205; *Flannery v. Allyn* (1964), 47 Ill. App. 2d 308, 198 N.E.2d 563.) However, plaintiff has misinterpreted the focus of these cases. *Starnes I* and *Richardson* discussed the quasi-judicial role of administrative bodies. *Flannery* dealt with a complaint made to the superiors of certain police officers concerning alleged improprieties committed by the officers while on duty. As such, the situation encompassed the employer-employee relationship and the administrative remedies inherent therein, as well as possible criminal action. The instant case involves a complaint made to law enforcement offi-

cials, with the specific intent of instituting criminal proceedings. The focus is solely on judicial proceedings.

■■ ■ As for judicial proceedings, the rule is that whatever is said or written in a legal proceeding, which is pertinent or material to the matters in controversy, is absolutely privileged, and no action for libel or slander can be maintained thereon. (*Defend v. Lascelles* (1986), 149 Ill. App. 3d 630, 633, 500 N.E.2d 712, 714; *McCutcheon v. Moran* (1981), 99 Ill. App. 3d 421, 425, 425 N.E.2d 1130, 1133.) In Illinois, this rule has been applied to statements made prior to the commencement of trial, including communications made to prosecuting authorities concerning alleged criminal activities. (*Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 476, 376 N.E.2d 991, 993 (statements contained in criminal complaints filed but later dismissed); *McDavitt v. Boyer* (1897), 169 Ill. 475, 482-86, 48 N.E. 317, 319-20 (statements made to a magistrate while suing out a warrant for arrest); *Defend*, 149 Ill. App. 3d at 640, 500 N.E.2d at 719 (statements made in pleadings alleging a civil cause of action under a Federal criminal statute); *McCutcheon*, 99 Ill. App. 3d at 425, 425 N.E.2d at 1133 (statements made to members of the State's Attorney's office prior to preparing a criminal complaint); *Harrell v. Summers* (1961), 32 Ill. App. 2d 358, 361-62, 178 N.E.2d 133, 134 (statements contained in a petition for commitment to a mental institution); *Dean v. Kirkland* (1939), 301 Ill. App. 495, 510-11, 23 N.E.2d 180, 188 (statements made to police alleging criminal activities); see also *Vogel v. Gruaz* (1884), 110 U.S. 311, 314, 28 L. Ed. 158, 160, 4 S. Ct. 12, 14 (verbal statements made to State's Attorney alleging criminal activities).) The foregoing authorities persuade us that the statements made to Federal law enforcement officials should be absolutely privileged.

In addition, our decision is supported by well-respected secondary sources. Section 587 of the Restatement (Second) of Torts, at 248 (1977), states the privilege for communications made in judicial proceedings:

"A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding."

Comment *b* to section 587 explains that the privilege is meant to apply to communications such as occurred in the present case:

"The rule stated in this Section is applicable to protect par-

ties to any action before a judicial tribunal. *** It applies to *** information given and informal complaints made to a prosecuting attorney or other proper officer preliminary to a proposed criminal prosecution whether or not the information is followed by a formal complaint or affidavit." (Restatement (Second) of Torts §587, comment *b*, at 249 (1977).)

Dean Prosser, in his treatise on torts, concurs:

"Although there is some authority to the contrary, the better view seems to be that an informal complaint to a prosecuting attorney or a magistrate is to be regarded as an initial step in a judicial proceeding, and so entitled to an absolute, rather than a qualified immunity." (W. Prosser, Torts §114, at 780-81 (4th ed. 1971).)

The trial court properly found the communications to the Federal law enforcement officials immune from discovery because of an absolute privilege accorded to such communications.

Plaintiff raises a second allegation of error by the trial court. He argues the trial court erred in denying leave to file his second-amended complaint. We need only address this question as it relates to counts III and IV, the new causes of action for invasion of privacy and intimidation. Counts I and II reallege claims of libel and slander, and our holding above disposes of these claims.

The trial court denied leave because the proposed amendments were untimely and raised new matters which would delay the start of trial in order to allow defendants time to properly prepare their defenses. Plaintiff argues the new causes of action arose out of the same transaction as the libel and slander claims, and defendants were not surprised or prejudiced by the filing of these new claims.

Defendants respond by arguing the new claims were untimely filed and were barred by statutes of limitations. We agree. A trial court has broad discretion in motions to amend pleadings prior to the entry of final judgment, and the denial of a motion to amend will not be regarded as prejudicial error unless there has been a manifest abuse of discretion. (*Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 161, 335 N.E.2d 10, 16.) The factors to consider in evaluating the trial court's discretion are (1) whether the proposed amendments would cure the defective pleading; (2) whether they would cause prejudice or surprise to the defendants; (3) the timeliness of the proposed amendments; and (4) whether previous opportunities to amend the pleadings could be identified. (*Talas v. Youngstown Sheet & Tube Co.* (1985), 134 Ill. App. 3d 103, 107, 479 N.E.2d 1052, 1055.) In this case, the proposed amendments were requested some five years after the

litigation began. Plaintiff had several opportunities to amend his pleadings during that period, as both he and the courts modified the thrust of his requested relief. The new claims would also prejudice defendants, as they would need additional time to prepare their responses.

Further, the new claims are barred by statutes of limitations. Invasion of privacy and intimidation are independent causes of action from libel and slander. An amendment asserting new causes of action will not be permitted after the statute of limitations has run. (*Beam v. Erven* (1971), 133 Ill. App. 2d 193, 199, 272 N.E.2d 685, 690.) The limitation period for invasion of privacy is one year (Ill. Rev. Stat. 1987, ch. 110, par. 13—201), and for intimidation is five years (Ill. Rev. Stat. 1987, ch. 110, par. 13—205).

For the reasons stated above, the order of the circuit court of Sangamon County granting summary judgment for defendants is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.