RINGIER AMERICA, INC., Plaintiff-Appellant, v. ENVIRO-TECHNICS, LTD., *et al.*, Defendants-Appellees.

First District (6th Division)    No. 1—95—3230

Opinion filed November 15, 1996.

Wildman, Harrold, Allen & Dixon, of Chicago (John K. Arado and Lauren S. Tashma, of counsel), for appellant.

Howard C. Goode, of Northbrook, for appellee Enviro-Technics, Ltd.

Katz, Randall & Weinberg, of Chicago (Warren Lupel and Gregory T. Diamond, of counsel), for appellee F. Clifford DiLorenzo.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

This case involves a slander of title claim. The sole issue presented is whether the absolute privilege accorded to false and malicious statements contained in judicial pleadings extends to the filing of an associated *lis pendens* notice. Although this question has been previously considered in other jurisdictions, we now confront it for the first time in Illinois.

On June 17, 1988, plaintiff, Ringier America, Inc., filed a complaint in the circuit court alleging the defendant, Enviro-Technics, Ltd., breached a contract to purchase real estate located at 2441 North Normandy Avenue in Chicago. On or about September 9, 1988, defendants filed an answer and counterclaim admitting that an agree-

ment existed to purchase the property, but alleging that plaintiff had defaulted on the agreement by failing to deliver a suitable title commitment as required by the contract. Defendants sought specific performance or rescission. In addition, defendants filed and recorded a *lis pendens* notice. See 735 ILCS 5/2—1901 (West 1994).

The *lis pendens* filed and recorded by defendants was made on a form provided by the circuit court clerk's office which contained the caption of the underlying litigation and then stated simply:

> "I, [Morgan M. Finley, then clerk of the circuit court], the undersigned, do hereby certify that the above entitled cause of action was filed in my office on the 9th day of September 1988 and is now pending in said court and that the property affected by said cause is described as follows: See Exhibit 'A' attached hereto in Cook County, Illinois."

The attached exhibit "A" was a legal description of the property at issue.

Plaintiff moved to dismiss defendants' counterclaim and the trial court granted this motion on November 14, 1988. Subsequently, on October 20, 1993, plaintiff voluntarily dismissed its suit.

Thereafter, on February 16, 1994, plaintiff filed a new complaint in the circuit court pursuant to the refiling provisions of former section 13—217 of the Code of Civil Procedure. 735 ILCS 5/13—217 (West 1994). In this complaint for slander of title, and in a subsequent amended complaint, plaintiff alleged Enviro-Technics and Di Lorenzo maliciously and without justification filed the counterclaim and *lis pendens* notice for the sole purpose of clouding title to the property so as to interfere with plaintiff's ability to sell it. Plaintiff alleged that it had secured a willing buyer for the property after defendants had defaulted but the new buyer refused to close on the property after discovering the *lis pendens* notice. Plaintiff alleged that it incurred significant additional expenses relating to the property as a direct result of the recording of the *lis pendens* notice. Defendant responded to the plaintiff's amended complaint by alleging that the *lis pendens* notice was privileged and moving for dismissal on the pleadings. The trial court granted this motion.

Because the trial court dismissed the case on the pleadings, we view the allegations of the complaint in the light most favorable to the plaintiff. We assume, solely for purposes of this appeal, that defendants filed their counterclaim maliciously and without cause, for the purpose of harassing the plaintiff and to gain unfair advantage in the underlying litigation.

■ To make out a cause of action in slander of title claim in Illinois, a plaintiff must allege a "false and malicious publication, oral

or written, of words which disparage [its] title to property resulting in special damages." *Whildin v. Kovacs*, 82 Ill. App. 3d 1015, 1016, 403 N.E.2d 694 (1980). Malice must be shown by evidence that the defendant knew the disparaging statements were false or that the defendant made the statements in reckless disregard of their falsity. *Pecora v. Szabo*, 94 Ill. App. 3d 57, 66, 418 N.E.2d 431 (1981).

■ There exists a narrow class of cases in which a defamatory statement is absolutely privileged. *Allen v. Ali*, 105 Ill. App. 3d 887, 890, 435 N.E.2d 167 (1982). The privilege embraces actions required or permitted by law in the course of judicial or quasi-judicial proceedings, as well as actions "necessarily preliminary" to judicial or quasi-judicial proceedings. *Parrillo, Weiss & Moss v. Cashion*, 181 Ill. App. 3d 920, 928, 537 N.E.2d 851 (1989). An absolute privilege provides complete immunity from civil action, even though the statements are made with malice, because public policy favors the free and unhindered flow of such information. *Starnes v. International Harvester Co.*, 184 Ill. App. 3d 199, 203, 539 N.E.2d 1372 (1989).

Plaintiff concedes that an absolute privilege protects the statements made by the defendants in their counterclaim, but argues that *Pecora v. Szabo*, 94 Ill. App. 3d 57, 418 N.E.2d 431 (1981), and *Newkirk v. Bigard*, 125 Ill. App. 3d 454, 466 N.E.2d 243 (1984), *aff'd in part & rev'd in part*, 109 Ill. 2d 28, 485 N.E.2d 321 (1985), indicate this privilege does not extend to the recording of the *lis pendens* notice. Even a cursory reading of these cases, however, shows that the issue of privilege was not raised by the parties or discussed by the court in rendering its decisions. *Pecora* and *Newkirk* are, therefore, decidedly unhelpful.[1]

■ Although our research has found no Illinois opinions that speak directly to the question presented, we note that nearly every jurisdiction to consider the question has extended the absolute privilege accorded statements made in the course of litigation to include the filing and/or recording of a *lis pendens* notice, provided the underlying litigation makes allegations affecting some ownership interest in the subject property. See, *e.g.*, *Dethlefs v. Beau Maison Development Corp.*, 511 So. 2d 112 (Miss. 1987); *Lone v. Brown*, 199 N.J. Super. 420, 489 A.2d 1192 (1985); *Woodcourt II Ltd. v. McDonald Co.*, 119 Cal. App. 3d 245, 173 Cal. Rptr. 836 (1981); *Procacci v. Zacco*, 402 So. 2d 425 (Fla. App. 1981); *Wendy's of South Jersey Inc. v. Blanchard Management Corp.*, 170 N.J. Super. 491, 406 A.2d 1337 (1979); *Hansen v. Kohler*, 550 P.2d 186 (Utah 1976); *Hauptman v. Edwards*

---

[1]We similarly find unhelpful the court's opinion, relied upon by the plaintiff, in *Misco Leasing, Inc. v. Keller*, 490 F.2d 545 (10th Cir. 1974).

*Inc.*, 553 P.2d 975 (Mont. 1976); *Zamarello v. Yale*, 514 P.2d 228 (Alaska 1973); *Kelly v. Perry*, 111 Ariz. 382, 531 P.2d 139 (1975); *Kropp v. Prather*, 526 S.W.2d 283 (Tex. Civ. App. 1975). Cf. *Kensington Development Corp. v. Israel*, 139 Wis. 2d 159, 407 N.W.2d 269 (1987) (common law modified by Wisconsin statute—conditional privilege and not absolute privilege applied to *lis pendens* notices). But see *Warren v. Bank of Marion*, 618 F. Supp. 317, 317-18 (W.D. Va. 1985) ("filing of a notice of lis pendens is more appropriately characterized as a qualifiedly privileged occasion").

As the Supreme Court of California stated over 40 years ago:

> "It would be anomalous to hold that a litigant is privileged to make a publication necessary to bring an action but that he can be sued for defamation if he lets anyone know that he has brought it [citation], particularly when he is expressly authorized by statute to let all the world know that he has brought it." *Albertson v. Raboff*, 46 Cal. 2d 375, 380, 295 P.2d 405, 409 (1956).

We agree. Because the false allegations in the defendants' counterclaim are protected by an absolute privilege, the associated *lis pendens* enjoys the same protection. Therefore, liability cannot attach.

Moreover, we find the plaintiff's complaint was properly dismissed by the trial court for a second, equally compelling reason. Although the plaintiff has alleged that the defendant's counterclaim was false and malicious, it must concede that the *lis pendens* notice states nothing more than the fact that litigation was pending in the circuit court concerning the property. An essential element of a cause of action for slander of title is that the statements used be both false and malicious. *Whildin*, 82 Ill. App. 3d at 1016. Because the *lis pendens* notice does no more than accurately inform its reader of the existence of the counterclaim, it was in no sense "false" and cannot form the basis of liability.

For the above reasons, the order of the circuit court of Cook County dismissing plaintiff's suit is affirmed.

Affirmed.

McNAMARA and LEAVITT, JJ., concur.