2024 IL App (1st) 231319-U

Fourth Division
Filed August 22, 2024

No. 1-23-1319

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| 6701 MINNEHAHAM, LLC, an Illinois Limited Liability Company, Plaintiff-Appellant and Cross-Appellee,<br><br>v.<br><br>NICHOLAOS TOUNTAS, ANTONIU TOUNTAS, ELIZABETH TOUNTAS, GALATIA TOUNTAS, R. TIMOTHY NOVEL, all individuals, and ARONBERG GOLDGEHN DAVIS & GARMISA, an Illinois Limited Liability Company, Defendants<br><br>(R. Timothy Novel and Aronberg Goldgehn Davis & Garmisa, Defendants-Appellees and Cross-Appellants) | Appeal from the Circuit Court of Cook County<br><br>No. 2021 CH 05469<br><br>The Honorable Joel Chupack, Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We affirm the circuit court's order granting the defendants' motion to dismiss under section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)) and denying the defendants' request for sanctions.

¶ 2    Plaintiff, 6701 Minnehaham, LLC, appeals the circuit court's order dismissing its complaint on the motion of Defendants, R. Timothy Novel and Aronberg Goldgehn Davis & Garmisa. Defendants cross-appeal the denial of their request for sanctions. For the following reasons, we affirm.

¶ 3                                                BACKGROUND

¶ 4        In 2018, Plaintiff filed an action to evict Gus Tountas from real estate property located at 6701 North Minnehaha Avenue in Lincolnwood, Illinois (the subject property), and for a monetary judgment for unpaid rent. On February 28, 2020, an order of possession and monetary judgment was entered in favor of Plaintiff. Subsequently, Defendants, representing Tountas, filed a motion to stay the eviction. The motion was later stricken from the call. On October 28, 2020, Defendants filed a motion to reconsider the eviction order and stay the eviction. The court denied the motion. On July 28, 2021, Defendants filed another motion seeking to stay the eviction and for Tountas to be granted possession of the subject property. The court denied the motion.

¶ 5        On or about August 9, 2021, Plaintiff entered into a contract to sell the subject property. On August 17, 2021, Defendants filed a complaint (the 2021 case) on behalf of Tountas's children which included three counts: (1) declaratory judgment, (2) equitable lien and quiet title, and (3) breach of agreements. The complaint alleged there were prior agreements between Larry Starkman, who is a member of Plaintiff, and the Tountas children, and because of these agreements the subject property was to be deeded to the Tountas children. The complaint also alleged Starkman was attempting to sell the subject property in violation of the agreements between the parties. On August 31, 2021, Defendants recorded a *lis pendens* notice. Attached to the notice was a copy of the complaint.

¶ 6        On October 26, 2021, Plaintiff filed a complaint for slander of title. In this complaint, Plaintiff alleged that the filing of the *lis pendens* notice was deliberate and that it was intentionally filed to block the sale of the subject property. Plaintiff further alleged that the title of the subject property "ha[d] been slandered and [could not] be sold in the free market with the false Lis Pendens Notice and Complaint on file."

¶ 7        Defendants filed a motion to dismiss the complaint and requested that the court impose sanctions. On July 11, 2023, the circuit court granted Defendants' motion to dismiss and denied the request for sanctions. In its written order, the court found "that the filing of the Notice by [Defendants] enjoyed an absolute privilege since the underlying complaint in [the 2021 case]

sought a declaratory judgment and equitable lien as to the right, title and ownership of the Property." The court also found that due to the "extensive litigation history between the parties in other courts," Plaintiff's complaint was not unwarranted, and it denied the request for sanctions.

¶ 8    This appeal and cross-appeal timely followed.

¶ 9                                    ANALYSIS

¶ 10   On appeal, Plaintiff argues that the circuit court erred when it dismissed its complaint for slander of title pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). On cross-appeal, Defendants argue the circuit court abused its discretion when it denied their request for sanctions pursuant to Rule 137 (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)).

¶ 11                              Slander of Title

¶ 12   Our review of a dismissal pursuant to section 2-615 is *de novo*. *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 17. A section 2-615 motion to dismiss "challenges the complaint's legal sufficiency based on defects apparent to the face of the complaint." *Id*. ¶ 18. When considering a section 2-615 motion to dismiss, "the court must accept all well-pleaded facts, as well as any reasonable inferences to be drawn therefrom, as true." *Id.* Additionally, "a defendant may properly raise an affirmative defense in a section 2-615 motion to dismiss if the defense is apparent on the face of the complaint." *Id.* A dismissal pursuant to section 2-615 is proper if it is clear that no set of facts can be proven that would entitle the plaintiff to relief. *Powell v. American Service Insurance Co.*, 2014 IL App (1st) 123643, ¶ 13. On appeal, the issue "is whether the allegations in the complaint, when liberally construed, taken as true, and viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon relief can be granted." *Fox v. Seiden*, 382 Ill. App. 3d 288, 294 (2008).

¶ 13   To state a cause of action for slander of title, a plaintiff must allege there was a "false and malicious publication, oral or written, of words which disparage[d] [its] title to property resulting in special damages." *Whildin v. Kovacs*, 82 Ill. App. 3d 1015, 1016 (1980). To prove malice, a plaintiff must show the defendant knew that the disparaging statements were false or that the

statements were made with reckless disregard of their falsity. *Gamino v. Boulevard Mortgage Corp.*, 398 Ill. App. 3d 21, 62 (2009). Further, "[a] defendant acts with reckless disregard if he publishes the allegedly damaging matter despite a high degree of awareness of its probable falsity or if he has serious doubt as to its truth." *Id.*

¶ 14    Here, Defendants filed the 2021 case seeking a declaratory judgment, and subsequently, filed a *lis pendens* notice. Plaintiff's complaint alleged that "the Lis Pendens Notice was deliberate and intentional to block the sale" of the subject property, "the Lis Pendens Notice and the Complaint allegations are untrue and all defendants know such claims are untrue," and "the Lis Pendens Notice and Complaint allegations are of a disparaging nature maliciously manufactured to impair the value of the property *** and to prevent the sale." In their motion to dismiss, Defendants raised the affirmative defense that the filing of a *lis pendens* notice is absolutely privileged and therefore cannot be the basis for a claim for slander of title. *Ringier America, Inc. v. Enviro-Technics, Ltd.*, 284 Ill. App. 3d 1102, 1106 (1996).

¶ 15    Plaintiff contends that this absolute privilege should not be applied as Defendants' clients had no contractual claim to the subject property, and the inaction of the Tountas children during the eviction proceedings confirms there is not a lawful claim of ownership to support the filing of the *lis pendens* notice. Plaintiff further argues *Ringier* should not be applied as the 2021 case was maliciously filed to cloud the title of the subject property in bad faith. Finally, Plaintiff argues what is contained in the *lis pendens* notice goes beyond what is permitted.

¶ 16    Plaintiff argues *Campasano v. Koster*, 2021 IL App (1st) 200126-U, should be applied instead. However, this case is distinguishable from the facts present here. In *Campasano*, the plaintiff filed a complaint against the defendant alleging age discrimination in the sale of real estate. *Id*. ¶ 14. The plaintiff also filed a *lis pendens* notice. *Id.* The defendant filed an answer and counterclaim for slander of title alleging that due to the plaintiff filing a *lis pendens* notice he was unable to sell the property to other interested buyers. *Id*. ¶ 16. After a bench trial, the court ruled in favor of defendant on the discrimination action and the counterclaim for slander of title. *Id*. ¶¶ 18-20.

¶ 17    On appeal, we affirmed the circuit court's judgment on the counterclaim for slander of title. *Id.* ¶ 44. We found that the plaintiff "did not 'make[ ] allegations affecting some ownership interest in the subject property.' " (Alteration marks added in *Campasano*.) *Id.* ¶ 43 (quoting *Ringier*, 284 Ill. App. 3d at 1106). Importantly, the plaintiff's "prayer for relief in his complaint [did] not ask the court to order [the defendant] to sell him the property." *Id.* We found that, under these facts, the filing of the plaintiff's *lis pendens* notice was not absolutely privileged. *Id.*

¶ 18    We agree with Defendants that *Ringier* is the controlling precedent. In *Ringier*, the court examined slander of title as it relates to the filing of a *lis pendens* notice. The plaintiff filed a complaint alleging that the defendants breached a contract to purchase real estate. *Id.* at 1103. The defendants filed an answer and counterclaim admitting that there was an agreement to purchase the property but alleging that the plaintiff defaulted on the agreement by failing to deliver a suitable title commitment as required by the contract. *Id.* at 1103-04. The defendants sought specific performance or recission and filed a *lis pendens* notice. *Id.* at 1104. The plaintiff voluntarily dismissed the suit and filed a new complaint for slander of title. *Id.* The plaintiff alleged that the defendants "maliciously and without justification filed the counterclaim and *lis pendens* notice for the sole purpose of clouding title to the property so as to interfere with plaintiff's ability to sell it." *Id.* The defendants responded that the *lis pendens* notice was privileged. *Id.*

¶ 19    On appeal, the *Ringier* court noted an absolute privilege provides complete immunity in civil actions for statements made during the course of litigation, even if those statements are made with malice, as public policy favors the free and unhindered flow of such information. *Id.* at 1105. The court further noted that other jurisdictions have extended the absolute privilege to include the filing of a *lis pendens* notice, "provided the underlying litigation makes allegations affecting some ownership interest in the subject property." *Id.* The court found the reasoning of the Supreme Court of California in *Alberston v. Raboff*, 46 Cal. 2d 375, 295 P.2d 405 (1956), to be of particular importance. There, the court stated:

> "It would be anomalous to hold that a litigant is privileged to make a
> publication necessary to bring an action but that he can be sued for

defamation if he lets anyone know that he has brought it [citation], particularly when he is expressly authorized by statute to let all the world know that he has brought it." *Id.* at 380, 295 P.2d at 409.

The *Ringier* court found that the absolute litigation privilege applied to the allegations the defendants made in their counterclaim, and it extended the same protection to the recording of the *lis pendens* notice. *Ringier*, 284 Ill. App. 3d at 1106.

¶ 20    Here, Defendants filed a complaint asking for a declaratory judgment and an equitable lien and to quiet title. Specially, the complaint alleged that Starkman was attempting to sell the subject property in violation of prior agreements. Count I of the complaint asks for "a judgment declaring that the [subject property] is properly and equitably owned by [the Tountas children]," and count II asks for "a judgment granting [the Tountas children] equitable rights to the [subject] property and quieting title *** via judicial deed." Therefore, as the complaint in the 2021 case, unlike the complaint in *Campasano*, made "allegations affecting some ownership interest in the subject property," the filing of a *lis pendens* notice triggers the absolute litigation privilege. *Ringier*, 284 Ill. App. 3d at 1105-06.

¶ 21    Additionally, while Plaintiff alleges that Defendants' *lis pendens* notice contained false information and was malicious, the notice only states that litigation was pending concerning the subject property. A cause of action for slander of title requires the statements in question to be false. *Whildin*, 82 Ill. App. 3d at 1016. Because the *lis pendens* notice does nothing more than inform the public of the existence of the pending lawsuit involving the subject property, it is not "false" and "cannot form the basis of liability." *Ringier*, 284 Ill. App. 3d at 1106. The attachment of the complaint does not make the *lis pendens* notice false as it contains the same information. Therefore, we find the circuit court properly dismissed Plaintiff's complaint pursuant to section 2-615.

¶ 22                                    Rule 137 Sanctions

¶ 23    On cross-appeal, Defendants contend the circuit court abused its discretion when it denied their request for sanctions.

¶ 24    "The purpose of Rule 137 is to prevent parties from abusing the judicial process by imposing sanctions on litigants who file vexatious and harassing actions based on unsupported allegations of fact or law." *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill. App. 3d 214, 217 (2007). To determine whether a party's conduct violates the rule, the court must use an objective standard and determine what was reasonable at the time the party filed its pleading. *Baker v. Daniel S. Berger, Ltd.*, 323 Ill. App. 3d 956, 963 (2001). An order denying Rule 137 sanctions will not be disturbed absent an abuse of discretion. *Clark v. Gannett Co.*, 2018 IL App (1st) 172041, ¶ 71.

¶ 25    Here, the circuit court denied the request for sanctions and found that Plaintiff's complaint was not unwarranted due to the factual differences between the case and those in *Ringier* as well as the extensive litigation history between the parties involving the subject property. After reviewing the record, we cannot say the court abused its discretion when it denied Defendants' request for sanctions. Therefore, we affirm the circuit court's denial of Rule 137 sanctions.

¶ 26                                       CONCLUSION

¶ 27    For the reasons set forth above, we affirm the judgment of the circuit court.

¶ 28    Affirmed.